CLYDE B. SMITH *v.* L. J. CHAMBERS *et al.*

(No. 8192)

Submitted February 25, 1936.   Decided March 17, 1936.

*J. H. Gadd,* for appellants.
*Sanders & Day,* for appellee.

HATCHER, PRESIDENT:

For merchandise furnished a trusteeship, Sterling Grocery Company procured several judgments against the trustee, C. B. Smith, and executions were levied on the trust property by a constable, L. J. Chambers.   The trustee did not contract against his personal liability, when dealing with the Grocery Company.   In this suit the levies were invalidated.

The contract of a trustee in administering a trust is his personal undertaking at common law, and not that of the trust estate unless he contracts against personal liability.   This rule was pronounced many years ago in the leading case of *Taylor* v. *Davis,* 110 U. S. 330, 335, 4 S. Ct. 147, 28 L. Ed. 163, and has been consistently recognized by all leading authorities. * * * "suits by

creditors of a business trust must be brought against the trustees, as in the case of other kinds of trusts. The liability of the trustees is a personal liability, and execution on judgments secured against them may be levied upon their personal assets. The concept of John Doe, *as trustee*, as a legal person separate from John Doe, individually, found no place in the common law." Bogert on Trusts and Trustees, sec. 302. (See also sec. 712). Accord: Perry, *idem*, (7th Ed.) sec. 815-b; Sears' Trust Estates, chapters V and VI; Glenn on Liquidation, sec. 75; 26 R. C. L. subject Trusts, sec. 175; 65 C. J., *idem*, sec. 570; Restatement of the Law, Trusts, sec. 261. The Restatement, sec. 266, gives the following corollary of the rule: "A person to whom the trustee has become liable, cannot reach trust property in an action at law against the trustee, although the liability was properly incurred by the trustee in the course of the administration of the trust."

We do not find a specific application of the rule in our State reports; although in *Thompson* v. *Mann*, 65 W. Va. 648, 64 S. E. 920, 22 L. R. A. (N. S.) 1094, 131 Am. St. Rep. 987, a like rule was applied to the contract of a personal representative, who in the broadest sense is a trustee. *In re Hibbler's Est.*, 78 N. J. Eq. 217. Consequently, the levies herein (on the trust property) were invalid.

Counsel raise several questions on the relation of creditors to the trust property. Since this suit has developed only a personal relation between the Grocery Company and the trustee, a discussion of other questions would be *obiter*.

The decree is affirmed.

*Affirmed.*